**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Silviano MARCELINO–GARCIA,
Defendant–Appellant.**

**No. 09–30299.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 15, 2010.

Filed July 19, 2010.

Michelle Mallard, Assistant U.S., USPO—Office of the U.S. Attorney, Pocatello, ID, for Plaintiff–Appellee.

Steven V. Richert, Federal Defenders Eastern Washington and Idaho, Pocatello, ID, for Defendant–Appellant.

Before: GOODWIN, PREGERSON, and WARDLAW, Circuit Judges.

MEMORANDUM *

Silviano Marcelino–Garcia appeals his conviction for illegal reentry after a prior deportation under 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291 and we affirm. Because the parties are familiar with the facts, we do not restate them here.

I.

We review de novo claims of insufficient evidence. *United States v. Sullivan*, 522 F.3d 967, 974 (9th Cir.2008) (citing *United States v. Shipsey*, 363 F.3d 962, 971 n. 8 (9th Cir.2004)). Evidence is sufficient to support a conviction if, "reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Contreras*, 63 F.3d 852, 857 (9th Cir.1995) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original)).

■ In this case, sufficient evidence supports the jury's conclusion that the Government proved, beyond a reasonable doubt, that Marcelino–Garcia physically left the United States. The Government submitted into evidence a warrant of removal, which this court has repeatedly found to be sufficient evidence to establish physical removal. *See, e.g., United States v. Salazar–Lopez*, 506 F.3d 748, 755 (9th Cir.2007); *United States v. Zepeda–Martinez*, 470 F.3d 909, 913 (9th Cir.2006); *United States v. Bahena–Cardenas*, 411 F.3d 1067, 1074 (9th Cir.2005); *United States v. Contreras*, 63 F.3d 852, 857 (9th Cir.1995). Agent Pedregon testified that after an immigration officer witnessed a deportee's exit through the gate to the Paseo Del Norte Bridge and signed that deportee's warrant, it was possible that a deportee could avoid physically crossing the border. Agent Pedregon emphasized that the chances of this happening were remote. Therefore, Agent Pedregon's testimony does not undermine the sufficiency of the warrant of removal.

II.

■ We review a defendant's claim, raised for the first time on appeal, that the government improperly shifted the burden of proof to the defendant for plain error. *United States v. Vaandering*, 50 F.3d 696, 701 (9th Cir.1995). In this case, the Government expressly stated during its closing argument that it, and not Marcelino–Garcia, bore the burden of proof to show that Marcelino–Garcia had physically departed from the United States. The Government then highlighted Marcelino–Garcia's *lack of evidence to support his claim* that he had not been physically removed from the United States. The Government may comment on the weaknesses of a defendant's case without impermissibly shifting the burden to that defendant. *Id.* at 701–02. In this case, the Government did

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

not shift the burden of proof to Marcelino–Garcia.

**AFFIRMED.**